C. P. TWISS, Respondent, v. E. A. PREUSS, Appellant, and P. McDOWALL, Respondent, v. E. A. PREUSS, Appellant.

No. 2209; April 12, 1870.

**Appeal—Statement.—The Only Evidence the Court may Notice** on appeal, in respect of the fact that the statement in the record is the engrossed statement on which the motion for a new trial was heard, is the certificate required in that connection by the statute.

**Appeal—Statement.—On Appeal from an Order Denying a Motion** for a new trial when the certificate by the trial court is to

the effect that the statement is "settled by adding thereto the amendments," etc., and it does not appear that any amendments were added, and what is offered by way of statement in the transcript is not shown on its face to be the engrossed statement on motion for a new trial, the court cannot consider the appeal.

APPEAL from Seventh Judicial District, Los Angeles County.

Widney & Brunson for respondent; Howard & Sepulveda for appellant.

TEMPLE, J.—These two cases were tried together and by stipulation a joint appeal is taken from the judgment and order denying a new trial. Plaintiff objects to the statement on the motion for a new trial on the ground that it is not authenticated as required by law. The certificate of the judge settling the statement is as follows:

"The foregoing statement is settled by adding thereunto the amendments of plaintiff on April 20th, 1869."

It does not appear in any way that the amendments alluded to have ever been added as directed or that the statement in the transcript is the engrossed statement on motion for a new trial; on the contrary, the plain inference from the language of the certificate is that the statement to which it is appended does not include the proposed amendments, but they are still to be incorporated therewith before the judge would add the certificate required by the Practice Act. The certificate in the record would be entirely inappropriate in the engrossed statement which would include the amendments.

The Practice Act requires (section 195) that the statement when not agreed to shall be settled by the judge, and shall be accompanied by his certificate that "the same has been allowed by him and is correct." By no possible construction can the certificate in this case be held equivalent to that required by the Practice Act. It may be, as a matter of fact, that the statement in the record is the engrossed statement upon which the motion for a new trial was heard. But the only evidence of that fact we are at liberty to notice is the certificate required by the statute or the stipulation of the parties, neither of which is shown by the transcript.

It is thus: There is a stipulation signed by the attorneys of the plaintiff to the effect that the two appeals may be

heard together "the same as they were tried and as shown on the statement on motion for new trial," but the stipulation is not attached to the statement and does not identify it in any way, nor does it show that it has been settled or agreed to as required by law, and is not in substance even the stipulation contemplated by the one hundred and ninety-fifth section of the Practice Act.

The judgment-roll discloses no error and the judgment and order are affirmed.

We concur: Wallace, J.; Rhodes, C. J.; Sprague, J.; Crockett, J.